to establish this by an elaborate display of figures taken from the books of the relator. The president of the relator, a person proven to be entirely familiar with the affairs and books of the corporation, swears positively that all these lands were purchased from capital, and not from surplus funds. In the absence of proof to the contrary by a professional accountant or other expert, we must assume this evidence to be true.

In the comptroller's brief it is asserted that the issuance of the Norumbega stock by the Norumbega Company directly to the stockholders of the relator was an attempt by the relator to evade a formal declaration of a dividend, as well as an attempt to evade the stock transfer tax; that this device was resorted to by the relator because it feared the levying of the very tax in question. Of course, any attempt of this sort at evasion would be wholly ineffectual, if the stock were in fact dividends; but no matter what may have been the purpose of the relator, and no matter what may have been its fears, the fact remains that this stock was not dividends, but capital, and therefore not taxable under section 186 of the Tax Law.

There is no dispute about the excess dividends of $31,500. The tax on this, amounting to $945, should stand. It follows, however, from the reasoning above, that the tax on the $700,000 Norumbega stock should be canceled.

WOODWARD, J., concurs.

---

WOODWARD v. E. W. CONKLIN & SON, Inc., et al.

(Supreme Court, Appellate Division, Third Department. March 8, 1916.)

MASTER AND SERVANT ⬥382—WORKMEN'S COMPENSATION LAW—RELEASE OF THIRD PERSON—EFFECT—"ELECT."

> Execution by an injured workman of a release to a third person against whom he may have a common-law cause of action for his injury, being without consent of the one liable to pay his compensation under the Workmen's Compensation Law (Consol. Laws, c. 67), does not affect his right to recover such compensation, except that anything he received for the release shall be deducted—section 29 providing that, if a workman entitled to compensation under the act be injured by negligence of another not in the same employ, he shall before suit or claim under the act, elect whether to take compensation under it or pursue his remedy against such other, and if he elect to take compensation under the act his cause of action against such other shall be assigned to the benefit of the one liable for payment of such compensation, and if he elect to proceed against such other the one liable for such payment of such compensation shall contribute only any deficiency between the amount of recovery against such other person actually collected and the compensation provided by the act, and that a compromise by the workman of any such cause of action against a third person for less than the compensation provided by the act shall be only with the written approval of the one liable to pay the compensation; it being apparent from the whole section that the term "elect" does not have the meaning of a choice between two inconsistent remedies, the exercise of which choice in one

---

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

direction precludes action in another direction, and the release being ineffectual against the one liable for the compensation.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. ⬤⟶382.

For other definitions, see Words and Phrases, First and Second Series, Elect.]

Appeal from State Industrial Commission.

Claim of James C. Woodward under the Workmen's Compensation Law against E. W. Conklin & Son, Incorporated, employer, and the Ætna Life Insurance Company, insurer. From an award to claimant made by the State Industrial Commission, the employer and insurance carrier appeal. Affirmed.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOODWARD, and COCHRANE, JJ.

William H. Foster of Syracuse, for appellants.

Egburt E. Woodbury, Atty. Gen. (Harold J. Hinman, Deputy Atty. Gen., of counsel), for State Industrial Commission.

COCHRANE, J.   The claimant was a driver and caretaker of mules, and was injured while driving a mule across the tracks of the Binghamton Railway Company in the course of his employment by the appellant, E. W. Conklin & Son, Incorporated. He executed a release to the railway company, without compensation or any consideration whatever, and without the consent of the insurance carrier. Thereafter he elected to take compensation under the act. The sole question on this appeal is the effect of such release on his right to an award which has been made by the Commission against the insurance carrier.

Section 29 of the Workmen's Compensation Law is as follows:

"Sec. 29. *Subrogation to Remedies of Employé.* If a workman entitled to compensation under this chapter be injured or killed by the negligence or wrong of another not in the same employ, such injured workman, or in case of death, his dependents, shall, before any suit or claim under this chapter, elect whether to take compensation under this chapter or to pursue his remedy against such other. Such election shall be evidenced in such manner as the commission may by rule or regulation prescribe. If he elect to take compensation under this chapter, the cause of action against such other shall be assigned to the state for the benefit of the state insurance fund, if compensation be payable therefrom, and otherwise to the person or association or corporation liable for the payment of such compensation, and if he elect to proceed against such other, the state insurance fund, person or association or corporation, as the case may be, shall contribute only the deficiency, if any, between the amount of the recovery against such other person actually collected, and the compensation provided or estimated by this chapter for such case. Such a cause of action assigned to the state may be prosecuted or compromised by the commission. A compromise of any such cause of action by the workman or his dependents at an amount less than the compensation provided for by this chapter shall be made only with the written approval of the commission, if the deficiency of compensation would be payable from the state insurance fund, and otherwise with the written approval of the person, association or corporation liable to pay the same."

The scheme of this statute is simple and comprehensive. Concisely stated, one of the purposes is to make the third party ultimately liable for the consequences of his negligence if such liability exists, and that

the insurer under the act, if there be one, shall have the benefit of such liability of a third party to the extent of an award which may be made by the commission. The term "elect," as used in section 29, does not have the meaning which it frequently has of indicating a choice between two inconsistent remedies against the same party, the exercise of which. choice in one direction precludes action in another direction. That is apparent from the whole tenor of the section. The claimant may bring his common-law action against a third party, and if he does so he does not thereby discharge the insurer of his employer unless he recovers as much as he might be awarded by the commission under the act, because the statute says that in such case:

"The state insurance fund, person or association or corporation, as the case may be, shall contribute only the deficiency if any between the amount of the recovery against such other person actually collected and the compensation provided or estimated by this chapter for such case."

On the other hand, if the claimant elects to take compensation under the act, his cause of action against the third party must be assigned to the insurance carrier, who thereby becomes subrogated to such remedy of the claimant. And for the protection of the insurer the statute expressly provides that:

"A compromise of any such cause of action by the workman or his dependents at an amount less than the compensation provided for by this chapter shall be made only * * * with the written approval of the person, association or corporation liable to pay the same."

Clearly, therefore, a compromise or release by an employé of his cause of action against a third party is ineffectual against the insurer without the written approval of the latter. The release in such case constitutes no obstacle in the way of the insurer prosecuting the assigned claim against the third party. One of the primary purposes of the statute is to protect the employé against his own improvidence, weakness, ignorance, or shortsightedness in compromising his claim for injuries; and a reciprocal advantage or protection to the insurer is given in the form of a claim against any third party negligently causing the injury, which cannot be destroyed by the act of the injured party without the written approval of the insurer. When a third party takes a release or settles a claim, he does so with full knowledge of this statutory requirement that the compromise shall have the written approval of the person or corporation liable for compensation under the act, and that without such approval such release or compromise may not be asserted against the person or party whose approval is thus required; and the statute, while protecting the workman, does so without sacrificing or prejudicing the rights of either the insurer or the third party. The latter cannot be placed in any less favorable position, because whatever he pays he cannot be called on to pay again; but, if he compromises for less than his actual liability, he remains liable to the insurer for such excess up to the amount allowed under the act, unless the latter has consented in writing as the statute provides for the compromise at the less amount.

Furthermore section 33 of the act provides that:

"Claims for compensation or benefits due under this chapter shall not be assigned, released or commuted except as provided by this chapter."

This, of course, means that claims for compensation under the act against the insurer may not be assigned, released, or commuted; but if the employé, without the approval of the person liable to pay the compensation under the act, may release a third party and make such release effective against the insurer, then he is permitted to indirectly accomplish the defeat of this provision in section 33, and by settling with the third party release and discharge his claim for compensation under the act. This seems to constitute an additional argument why a release is ineffectual as against the insurance carrier, unless it has the approval of the latter.

In the present case the claimant received nothing for the release in question; but if he had done so, according to the views expressed, it would make no difference, except that the insurer would be liable only for the difference between the amount received and the compensation provided by the act.

The award should be affirmed. All concur.

WOODWARD, J. (concurring). The award made by the State Industrial Commission was correctly reached, and should be affirmed. The fact that the claimant executed a release of the Binghamton Railway Company from liability to him for the injuries which he received while driving a mule across that company's tracks does not destroy, or in this instance affect, his right to recover the compensation provided by the Workmen's Compensation Law.

In this particular case it does not appear that the Binghamton Railway Company was guilty of any negligence which operated as cause of the claimant's injuries, and it affirmatively appears that the release was executed and delivered without payment to the claimant of any money or other consideration whatsoever. I think, however, that our decision of this appeal may well proceed upon the broader ground which makes no assumption of the nonliability of the recipient of the release or the absence of consideration for its execution. The purpose in the enactment of the Workmen's Compensation Law was to secure and insure to injured workers and their dependents the continued payment of a stipulated portion of the weekly earnings. This was to be done in order that trade accidents might be made a trade liability, a charge against the cost of the trade product, and not left to fall harshly and exclusively upon the injured worker and his family. To this end it was deemed desirable that the employer, through one of specified methods, should become responsible for seeing to it that payment of compensation was promptly and regularly made in the amount authorized by the statute, regardless of whether the injury was in fact caused by some third person, and was not due to anything arising in the ordinary course of the employer's business and under his sole control. One of the chief ends in view was to protect the worker from being compelled to resort to protracted and uncertain litigation for the establishment of his right to reimbursement, on the one hand, and to protect him likewise from his own improvidence,

shortsightedness, lack of knowledge, and urgency of financial necessities, as factors entering into compromise or settlement negotiations concerning claims for injury.

As this court has hitherto observed, the Workmen's Compensation Law should be remedially and beneficially construed to effectuate the obvious legislative purpose. The appellant employer and insurance carrier contend here for a construction of the statute which would seriously cripple its efficacy. It is altogether clear, whether or not the claimant was injured through negligence on the part of the railway company, and whether or not the claimant received any consideration from the company for the execution of the release, that the statute does not, and the rules which the commission has adopted under the explicit authority of section 29 of the act do not, permit the execution of a release by the claimant in favor of a third person to be construed as an election by the injured person to proceed by suit rather than by taking compensation under the act. The claimant here concededly served no notice of election to proceed by suit, and neither the employer nor the insurance carrier consented to or approved the execution of the release to the railway company. Even the bringing of suit and the obtaining of judgment against the third party would not, under the statute, discharge the insurer, unless his recovery in the action amounts to as much as the compensation provided for by the statute. In the event he recovers less than the statute provides may be granted as compensation, the insurer is liable only for the making up of the deficiency.

Where the injured person seeks compensation under the act, his cause of action, if any, against any and all third persons in connection with the injuries, is transferred to the insurance carrier, and the latter thereupon is subrogated to all the rights of the claimant by way of suit for damages by reason of the tort. In order that the insurer may be fully protected against the very thing which, perhaps, the injured man tried to do in this case, the statute explicitly provides that:

"A compromise of any such cause of action by the workman or his dependents at an amount less than the compensation provided for by this chapter shall be made only * * * with the written approval of the person, association or corporation liable to pay the same." Section 29.

No release executed by the claimant at bar without the consent of the insurer could therefore have any effect upon an action by the insurer against the railway company, except that if the railway company paid anything to the claimant—as was not the case here—the railway company is liable to the insurer and the insurer to the claimant only for the difference between the amount paid and the total of compensation payable under the statute.