INSURANCE COMPANY OF NORTH AMERICA, as Subrogee of Lewis Truck Lines, Inc., Plaintiff-Appellant, v. TIMOTHY R. ANDREW *et al.*, Defendants-Appellees (Victor Mikenas, Plaintiff).

Second District No. 2—90—0148

Opinion filed December 21, 1990.

Francis William Golden, of Modesto, Reynolds & McDermott, of Chicago, for appellant.

Dalton Grief, of Grief, Bus & Blacklidge, of West Chicago, and John Salzeider, of Magiera & Morrissey, of Chicago, for appellees.

JUSTICE INGLIS delivered the opinion of the court:

Plaintiff, Insurance Company of North America, filed suit as subrogee of Lewis Truck Lines, Inc., and for Victor Mikenas, individually, an injured employee, seeking, in part, reimbursement of workers'

compensation benefits paid to Mikenas. The named defendants in the suit are Timothy Andrew and Rely Maintenance Seal Coating & Stripping Company. Essentially, plaintiff raises only one issue on appeal: whether the trial court erred in dismissing the complaint based on a release signed by an injured employee who has accepted workers' compensation benefits under the provisions of the Workers' Compensation Act (Act) (Ill. Rev. Stat. 1989, ch. 48, par. 138.1 *et seq.*). We reverse and remand.

Plaintiff filed its complaint on September 29, 1989. It alleged that Lewis Truck Lines, Inc. (Lewis), was the named insured on a policy issued by plaintiff to provide coverage for injuries suffered by Lewis' employees within the scope of their employment. On October 6, 1987, Victor Mikenas, an employee of Lewis, was injured when he was struck by a vehicle operated by defendant Timothy Andrew. Both Mikenas and Andrew were allegedly acting within the scope of their employment at the time of the accident. Andrew was operating a vehicle owned by his employer, defendant Rely Maintenance Seal Coating & Stripping Company.

The complaint alleges that Andrew was negligent in striking the vehicle owned by Lewis and that, as a result of Andrew's negligent acts, Mikenas has suffered permanent and crippling injuries. The complaint further alleges that, as a result of the injuries suffered by Mikenas, plaintiff has paid Mikenas workers' compensation benefits for medical bills and temporary total disability. A claim is pending for Mikenas' permanent partial disability. The complaint asked that the court award damages on behalf of plaintiff and Mikenas.

On December 4, 1989, defendant Andrew filed a motion to dismiss plaintiff's complaint pursuant to section 2—619(a)(6) of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—619(a)(6)). A release signed by Mikenas and dated September 26, 1989, was attached to the motion. The release stated that, in consideration of the payment of $24,000, Mikenas released Timothy Andrew, Binnie Andrew, and Prestige Casualty Company from liability for any and all actions arising out of the accident which occurred on October 6, 1987. The motion thus alleged that plaintiff's cause of action, brought as subrogee, was released and barred by the prior settlement agreement.

Plaintiff filed a response to the motion, arguing that the amount of workers' compensation paid to Mikenas far exceeded the $24,000 settlement. Plaintiff further argued that the release was invalid because, first, there was no consideration for the release and, second, because plaintiff did not negotiate or agree with the settlement as re-

quired by the Act.

On January 10, 1990, arguments were heard on the motion to dismiss. Plaintiff maintained that, based on the case of *Villapiano v. Better Brands of Illinois, Inc.* (1975), 26 Ill. App. 3d 512, the release should be set aside because the settlement was not approved by the entity liable for workers' compensation. Defendants argued that *Villapiano* did not apply because neither defendant Andrew nor his insurance carrier had actual or constructive notice of the workers' compensation claim, since Mikenas, according to defendants, was operating his own automobile at the time of the accident. Defendants also maintained that, unlike the plaintiff in *Villapiano*, plaintiff here was bringing a subrogation action rather than an action to set aside the release. Defendants further argued that the settlement was entered into in good faith and should therefore bar plaintiff's action. Plaintiff responded by arguing that Mikenas was, in fact, a passenger in his employer's truck at the time of the accident.

Following this argument, the trial judge stated that he did not have any option except to grant the motion to dismiss. A written order dismissing the cause was entered the same day. This appeal followed.

Plaintiff argues on appeal that the trial court erred in dismissing its complaint. It contends that the dismissal was in error because the Workers' Compensation Act imposes a duty upon the trial court to protect the employer's right to reimbursement for workers' compensation benefits paid, and a release, signed by an injured employee who has accepted workers' compensation benefits, does not bar the employer's right to reimbursement.

Defendants have not filed an appellees' brief in response. We will, however, consider the appeal under the standard set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128.

Section 5(b) of the Act deals with the situation "[w]here the injury or death for which compensation is payable under this Act was caused under circumstances creating a legal liability for damages on the part of some person other than his employer to pay damages." (Ill. Rev. Stat. 1989, ch. 48, par. 138.5(b).) The portions of the section relevant to this appeal provide the following.

■ First, an employer has a right to reimbursement for any workers' compensation benefits paid, or to be paid, from any compensation the employee receives from a third party, with or without suit. (Ill. Rev. Stat. 1989, ch. 48, par. 138.5(b).) An employer may claim a lien upon any award, judgment, or fund that the employee recovers

from the third party. (*Blagg v. Illinois F.W.D. Truck & Equipment Co.* (1989), 186 Ill. App. 3d 955, 959, *appeal allowed* (1989), 128 Ill. 2d 661.) Therefore, an employee is entitled to retain only that portion of a recovery from the third party which exceeds the benefits received under the Act from the employer. *Ullman v. Wolverine Insurance Co.* (1970), 48 Ill. 2d 1, 7.

■ Second, the employer has the right to intervene in any suit filed by the employee against the third party at any stage prior to the satisfaction of judgment (*Jackson v. Polar-Mohr* (1983), 115 Ill. App. 3d 571, 574), so that all orders of the court after hearing and judgment shall be made for the employer's protection (Ill. Rev. Stat. 1989, ch. 48, par. 138.5(b)).

■ Third, no release or settlement of claim for damages between the employee and third-party tort-feasor is valid without the written consent of the employer; however, the employer's consent is not required where the employer has been fully indemnified or is protected by court order. (Ill. Rev. Stat. 1989, ch. 48, par. 138.5(b); *Freer v. Hysan Corp.* (1985), 108 Ill. 2d 421, 426; *Mounce v. Tri-State Motor Transit Co.* (1986), 150 Ill. App. 3d 806, 810.) Thus, what is protected by the Act is the employer's right to reimbursement of the amount of workers' compensation paid, or to be paid, by him to the employee. *Freer*, 108 Ill. 2d at 426.

■ Finally, the employer has the right under the statute to bring a suit during the three months prior to the expiration of the statute of limitations if the employee has not filed a suit. (Ill. Rev. Stat. 1989, ch. 48, par. 138.5(b).) "This language creates in the employer a right akin to the common law right of subrogation." *Chicago Transit Authority v. Yellow Cab Co.* (1982), 110 Ill. App. 3d 379, 381; see also *Beiermann v. Edwards* (1990), 193 Ill. App. 3d 968, 980-81.

■ It is clear that the statute provides numerous protections for the interests of an employer who has made workers' compensation payments. "The statutory purpose of section 5(b) is clear. The employer's right to reimbursement is to be protected by the court." (*Blagg*, 186 Ill. App. 3d at 962; see also *Langley v. H.K. Ferguson Co.* (1989), 186 Ill. App. 3d 1036, 1042.) Plaintiff, as subrogee of the employer, is entitled to the protections of the statute.

In the case relied on by plaintiff, *Villapiano v. Better Brands of Illinois, Inc.* (1975), 26 Ill. App. 3d 512, the employee, while driving his employer's truck, was involved in an accident with another truck driver. Within one month after the accident, the employee, in return for $1,500, executed a full release discharging the defendants from liability. His employer was not informed of the release. When the em-

ployer learned of the release, it filed suit to set the release aside. (*Villapiano*, 26 Ill. App. 3d at 513.) The complaint was dismissed by the trial court based on the release. *Villapiano*, 26 Ill. App. 3d at 514.

The appellate court determined that the employer's suit should not have been dismissed. The court noted that notice of the employer's claim was served six weeks after the accident and that the defendants had constructive notice of the employer's interest prior to the execution of the release, because the employee was operating his employer's vehicle at the time of the accident. The court indicated, however, that the outcome would not have been different even if constructive notice were lacking. *Villapiano*, 26 Ill. App. 3d at 516-17.

The *Villapiano* court concluded that the release did prohibit the employee from maintaining a suit against the defendants, but the employer's rights, as well as the rights of the workmens' compensation carrier, survived. (*Villapiano*, 26 Ill. App. 3d at 517.) Thus, "the right to an adjudication on issues of liability and damages passed to [the] employer and its insurance carrier, whose position changed from intervenors or lienors to that of transferees of the common-law action." (*Villapiano*, 26 Ill. App. 3d at 517-18.) The employee, however, could claim no benefits if the action of the remaining plaintiffs were successful, and their recovery could not exceed the employer's liability for compensation payments under the Act. *Villapiano*, 26 Ill. App. 3d at 518.

Here, also, it appears that plaintiff's cause of action must survive even though Mikenas entered into a settlement agreement and signed a release. The difficulty is in the unique posture of this case on appeal. No suit was filed by Mikenas, so plaintiff did not have the opportunity to intervene in an action prior to the settlement. Plaintiff, therefore, filed a subrogation action within three months of the expiration of the statute of limitations, as allowed by the Act (Ill. Rev. Stat. 1989, ch. 48, par. 138.5(b)). The action was filed three days after the release was signed. It is not clear from the record whether plaintiff was aware of the settlement when the complaint was filed. In addition, no affidavits were filed with the motion to dismiss or in response to the motion, so significant facts alleged by the parties are not of record. Plaintiff has consistently argued that it did not agree to the settlement, but there is no allegation to this effect in the complaint, and there is nothing in the record which establishes this fact. Plaintiff also contends in its brief that defendants had notice of its claim for reimbursement well before the settlement was made. There is likewise nothing in the record to substantiate this contention. Also, plaintiff and defendants engaged in a dispute before the trial court re-

garding whether defendants had constructive notice of the claim. Defendants maintained that Mikenas was driving his own car, and plaintiff asserted that Mikenas was, in fact, a passenger in his employer's truck. No documents or affidavits were submitted to establish the vehicle actually involved in the accident.

Nevertheless, we find the *Villapiano* case persuasive and the language of the Act dispositive of this appeal. The plain, unambiguous statutory language provides that a release or settlement entered into without the employer's consent or without an order of the court protecting the employer is not valid. (Ill. Rev. Stat. 1989, ch. 48, par. 138.5(b).) A court must enforce a statute according to its terms when the statute is clear and unambiguous. *Page v. Hibbard* (1987), 119 Ill. 2d 41, 46; see also *Kochan v. Arcade Electric Co.* (1987), 160 Ill. App. 3d 1, 3-4.

The release attached to the motion to dismiss contains only Mikenas' signature and, on its face, has no indication that plaintiff or Lewis consented to the agreement. Defendants have the burden of proving the affirmative defense relied upon in a section 2—619 motion to dismiss. (*Town of Libertyville v. Connors* (1989), 185 Ill. App. 3d 317, 323; *Meyer v. Murray* (1979), 70 Ill. App. 3d 106, 114.) Defendants did not file any documents or affidavits to establish that the employer or its compensation carrier consented to the settlement agreement. Under the terms of the statute, the release is therefore not valid and cannot bar plaintiff's action.

Further, the trial court's judgment cannot be upheld on any basis argued by defendants below. Under *Blagg*, the fact that defendants asserted that it was a good-faith settlement is not dispositive; a court must consider whether the employer's lien is protected. (*Blagg*, 186 Ill. App. 3d at 963.) Also, while we express no opinion as to whether notice of the employer's reimbursement interest is necessary under these circumstances, plaintiff did allege in its complaint that defendant Andrew struck a vehicle owned by Lewis. Under the reasoning of *Villapiano*, this would be enough to establish constructive notice of the employer's interest. While defendants disputed this fact, for purposes of a section 2—619 motion, all well-pleaded facts are taken as true. (*Kirby v. Jarrett* (1989), 190 Ill. App. 3d 8, 13; *Sheridan v. Comp-U-Motive, Inc.* (1988), 168 Ill. App. 3d 451, 454.) In addition, the fact that plaintiff here brought a subrogation action rather than an action to set aside the release is not significant. In fact, the court in *Villapiano* treated the complaint as a subrogation claim and did not, apparently, set aside the release. The court held that, while the release did not bar an action by the employer, it was effective to

prohibit the employee from maintaining a suit against the defendants. *Villapiano*, 26 Ill. App. 3d at 517-18.

 Based on the posture of this case before us, we hold only that the release signed by Mikenas was not effective to bar plaintiff's cause of action, as subrogee of the employer, because there is no indication that plaintiff consented to the release or that plaintiff was indemnified or protected by a court order. Plaintiff's complaint, therefore, should not have been dismissed.

For the foregoing reasons, the judgment of the circuit court of Du Page County is reversed, and the cause is remanded for proceedings not inconsistent with this opinion.

Reversed and remanded.

UNVERZAGT, P.J., and NICKELS, J., concur.