FIRST DIVISION
JULY 30, 2007

No. 1-06-1746

CHUBB GROUP INSURANCE )   Appeal from the Circuit
COMPANIES, as Subrogee of )   Court of Cook County.
Caliber Auto Transport, )
                                       )
          Plaintiff-Appellant, )
                                       )   No. 05 M1 16931
     v.                                )
                                       )   The Honorable
JOSE CARRIZALEZ, )   Moira S. Johnson,
                                       )   Judge Presiding.
          Defendant-Appellee. )

     JUSTICE GARCIA delivered the opinion of the court.

     On December 5, 2003, a vehicle driven by the defendant, Jose

Carrizalez, struck a van driven by Eric Matthews.  Matthews was

driving a van while in the scope of his employment that belonged

to his employer, Caliber Auto Transport.  At the time of the

accident, the plaintiff, Chubb Group Insurance Companies, had a

policy of workers' compensation insurance with Caliber Auto.

     Matthews allegedly suffered personal injuries in the

accident.  Pursuant to the Workers' Compensation Act (Act) (820

ILCS 305/1 et seq. (West 2004)), the plaintiff paid medical bills

of $2,406.28 and temporary total disability benefits of $666.66 to Matthews.

Within 90 days of the accident and without filing suit, Matthews entered into a settlement agreement and executed a general release of liability with Carrizalez's insurer, State Farm Mutual Automobile Insurance Company. Under the terms of the agreement, which was entered into on February 23, 2004, Matthews was paid $3,600 in exchange for releasing and discharging the defendant of further liability.

On July 29, 2005, the plaintiff sued Carrizalez to recover monies that it paid to Matthews. The defendant moved to dismiss the complaint pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2002)), arguing that the release signed by Matthews discharged the defendant from liability because the defendant had no knowledge of any lien or claim by the plaintiff at the time the release was signed and the settlement amount paid. The trial court granted the motion and dismissed the plaintiff's complaint.

The plaintiff filed a motion to vacate and reconsider the dismissal. The court denied the motion, holding that the defendant had no actual or constructive notice of the plaintiff's interest. This appeal followed.

On appeal, the plaintiff argues that the trial court erred

when it dismissed the complaint because section 5(b) of the Act protected the plaintiff's interest. Further, the defendant had constructive notice of the plaintiff's interest at the time the settlement and release were executed. We agree with the plaintiff and reverse the judgment of the trial court.

ANALYSIS

I. Standard of Review

A section 2-619 motion to dismiss admits the legal sufficiency of a complaint, but raises defects or defenses that defeat the claim. Krueger v. Lewis, 359 Ill. App. 3d 515, 520, 834 N.E.2d 457 (2005). Dismissal is appropriate where the record establishes that no genuine issue of material fact exists. MC Baldwin Financial Co. v. DiMaggio, Rosario & Veraja, LLC, 364 Ill. App. 3d 6, 22, 845 N.E.2d 22 (2006). We review the dismissal of a complaint de novo. Krueger, 359 Ill. App. 3d at 521.

II. Section 5(b)

Section 5(b) of the Workers' Compensation Act provides protections to employers that are compelled to pay compensation to employees injured by third-party tortfeasors. Villapiano v. Better Brands of Illinois, Inc., 26 Ill. App. 3d 512, 514, 325 N.E.2d 722 (1975). The Act provides in relevant part:

**3**

"Where the injury or death for which compensation is payable under this Act was caused under circumstances creating a legal liability for damages on the part of some person other than his employer to pay damages, then legal proceedings may be taken against such other person to recover damages notwithstanding such employer's payment of or liability to pay compensation under this Act. In such case, however, if the action against such other person is brought by the injured employee *** or settlement is made with such other person, either with or without suit, then from the amount received by such employee *** there shall be paid to the employer the amount of compensation paid or to be paid by him to such employee ***.

***

If the injured employee *** agrees to receive compensation from the employer or accept from the employer any payment on account of such compensation, or to institute proceedings to recover the same, the employer

**4**

may have or claim a lien upon any award,
judgment or fund out of which such employee
might be compensated from such third party.

*** No release or settlement of claim
for damages by reason of such injury or
death, and no satisfaction of judgment in
such proceedings shall be valid without the
written consent of both employer and employee
or his personal representative, except in the
case of employers, such consent is not
required where the employer has been fully
indemnified or protected by Court order."
820 ILCS 305/5(b) (West 2004).

Thus, as to the remedies provided to employers to recoup compensation paid to employees for injuries caused by third-party tortfeasors, section 5(b) specifically provides: (1) a lien against any compensation the employee receives from a third party with or without suit for any workers' compensation benefits paid by the employer; (2) the right to intervene in any suit filed by the employee against the tortfeasor at any stage prior to satisfaction of judgment, so that all orders are made for the employer's protection; (3) the invalidity of a release or settlement of claim for damages entered between the employee and

the tortfeasor, without written consent of the employer unless the employer has been fully indemnified or is protected by court order; and (4) the right to bring a suit during the three months prior to the expiration of the statute of limitations if the employee has not filed suit. Insurance Co. of North America v. Andrew, 206 Ill. App. 3d 515, 518-19, 564 N.E.2d 939 (1990). "It is clear that the statute provides numerous protections for the interests of an employer who has made workers' compensation payments." Andrew, 206 Ill. App. 3d at 519.

The protections afforded an employer by section 5(b) are "crucial to the workers' compensation scheme" because often the employer is required to pay compensation even though it was not at fault. Gallagher v. Lenart, 367 Ill. App. 3d 293, 299, 854 N.E.2d 800 (2006). Section 5(b) provides a means for the employer to reach the true tortfeasor. Gallagher, 367 Ill. App. 3d at 299. Further, section 5(b) ensures that the employee does not benefit from a double recovery. Gallagher, 367 Ill. App. 3d at 299. "'"This is fair to everyone concerned: the employer, who, in a fault sense, is neutral, comes out even; the third person pays exactly the damages he or she would normally pay ***; and the employee gets a fuller reimbursement for actual damages sustained than is possible under the compensation system alone."'" [Citations.]" Gallagher, 367 Ill. App. 3d at 300.

III.  Employer's Lien

The defendant's principal argument is that because it was unaware of "the Plaintiff's lien for medical payments and/or TDD benefits it paid under [the] Worker[s'] Compensation Act, the Plaintiff's lien never came into effect; therefore, the Plaintiff is not entitled to reimbursement for the same."  For support, the defendant points to Trimon, where the court explained that an employer's lien comes into effect when the employer gives notice to the third-party tortfeasor.  Employers Mutual Casualty Co. v. Trimon Elevator Co., 71 Ill. App. 2d 124, 134, 217 N.E.2d 391 (1966).  In its rejoinder, the plaintiff notes that the court in Villapiano found the statement regarding the effectiveness of the employer's lien to be dictum.  Villapiano, 26 Ill. App. 3d at 517.

We are persuaded that the statement in Trimon regarding when an employer's lien comes into effect is dictum.  More importantly, the defendant here, as the defendants did in Villapiano, mistakenly fastens his argument on the word "'lien,' treating it as akin to an equitable lien and as an exclusive remedy."  Villapiano, 26 Ill. App. 3d at 517.  But as the Villapiano court made clear, a "lien" is merely one of four remedies afforded an employer for its protection in section 5(b).

**7**

In fact, the language cited by the defendant in _Trimon_ was deemed _dictum_ by the _Villapiano_ court because the _Trimon_ court allowed a remedy other than the enforcement of the lien. "[T]he amount of the settlement in _Trimon_ had been paid to the employee more than a year prior to the employer's action, [and] as a practical matter there remained no _res_ or particular fund upon which to impress a lien ***." _Villapiano_, 26 Ill. App. 3d at 517. Instead, the _Trimon_ court, in accordance with a separate remedy provided in section 5(b), reversed based on "the employer's right to sue for indemnity and to name the third-party tort-feasor as a defendant." _Villapiano_, 26 Ill. App. 3d at 517. As the _Trimon_ court made clear, the enforcement of a lien presupposes the intervention of the employer in a suit by the employee against the tortfeasor. But the Act "does not provide an exclusive remedy. To hold this as an exclusive remedy on the part of the employer would to a great extent cut down to the very minimum the protection which the act intended to give him." _Trimon_, 71 Ill. App. 2d at 136.

## IV. Invalidity of Release

Thus, the defendant's argument as to when the lien came into effect misses the point. The plaintiff here does not seek to enforce a "lien," but relies instead on its statutory right to hold the release between the employee, Matthews, and the

defendant tortfeasor, invalid as against the plaintiff because the employer did not give its written consent and was not fully indemnified or fully protected by court order. Andrew, 206 Ill. App. 3d at 518-19.

This liberal interpretation of alternative remedies available to employers in section 5(b) given by the Trimon court and recognized by the court in Villapiano is reinforced by the decision in Andrew, 206 Ill. App. 3d 515, a case procedurally similar to the case here. In Andrew, an employee of Lewis Truck Lines, Inc., that was acting within the scope of his employment was injured when he was struck by a vehicle driven by the defendant, an employee of Rely Maintenance Seal Coating & Stripping Company (Rely). The plaintiff filed a negligence action against the defendant and Rely, seeking, in part, reimbursement of workers' compensation benefits that it paid the employee on behalf of Lewis. Andrew, 206 Ill. App. 3d at 517. The accident giving rise to the workers' compensation payments occurred on October 6, 1987; the release signed by the employee was dated September 26, 1989; he did not file suit. The workers' compensation insurance carrier filed a subrogation claim against Rely on September 29, 1989.

The defendant moved to dismiss the complaint, arguing that a release and settlement agreement, signed by the employee, barred

**9**

the action, and that the defendants had no notice of the plaintiff's interest. Andrew, 206 Ill. App. 3d at 517. The plaintiff argued that the release was invalid because neither Lewis nor the plaintiff agreed to the settlement as required by the Act. The trial court granted the defendant's motion to dismiss. Andrew, 206 Ill. App. 3d at 517-18.

The Andrew court addressed the plaintiff's contention that "the Workers' Compensation Act imposes a duty upon the trial court to protect the employer's right to reimbursement for workers' compensation benefits paid, and a release, signed by the injured employee who has accepted workers' compensation benefits, does not bar the employer's right to reimbursement." (Emphasis added.) Andrew, 206 Ill. App. 3d at 518. The Andrew court agreed with Villapiano that an employee's release and settlement do not vanquish an employer's cause of action. The Andrew court noted, because the employee did not sue the tortfeasor, the plaintiff did not have the opportunity to intervene prior to the settlement. Andrew, 206 Ill. App. 3d at 520.

Much as in the instant case, the parties in Andrew disputed whether there was any basis in the record to support a finding of constructive notice of the employer's interest prior to the execution of the release; the record was unclear when the employer discovered the settlement between the employee and the

**10**

defendant; and the record was unclear as to any actual notice of the employer's interest to the defendant prior to the settlement. Despite the gaps in the record, the court found "[t]he plain, unambiguous statutory language provides that a release or settlement entered into without the employer's consent or without an order of the court protecting the employer is not valid." Andrew, 206 Ill. App. 3d at 521. Because the release contained only the employee's signature and did not indicate that the plaintiff or the employer consented to the agreement, the release did not bar the plaintiff's action. Andrew, 206 Ill. App. 3d at 521.

We adopt and follow the analysis in Andrew. In this case, there is no evidence in the record that the plaintiff or Caliber Auto consented to the release or settlement. Nor is there evidence that the plaintiff was indemnified or protected by a court order. Because the plain language of section 5(b) provides that a release or settlement entered into without an employer's (or its subrogee's) consent is not valid, the settlement and release do not bar the plaintiff's timely cause of action against the defendant. See Andrew, 206 Ill. App. 3d at 521. "[T]he right granted employers by that section [5(b)] is paramount to the alternative remedies available for enforcement. *** [T]he right to an adjudication on issues of liability and damages

**11**

passed to [Matthew's] employer and its insurance carrier, ***
much as if [Matthews] had allowed the statute of limitations to
run within 90 days of expiration." Villapiano, 26 Ill. App. 3d
at 517-18. Accordingly, the plaintiff's cause of action based on
the invalidity of the release survives.

## V. Notice of Employer's Interest

The defendant's related argument that "[b]ecause Defendant
did not have constructive notice of the Plaintiff's lien, the
Plaintiff is not entitled to reimbursement" falls with his "lien"
argument. We are aware of no authority that requires an employer
to provide notice of its interest to a third-party tortfeasor
before the employer may invoke its protection under section 5(b)
that a release entered into without its knowledge and written
consent is invalid. This, the Villapiano court made clear:
"[E]ven if we did agree that the defendants could not be charged
with notice of the employer's interest when they obtained the
release, the outcome would not be different. Neither [the
employer] nor [the insurance carrier] by act or omission waived
its statutory right to indemnity." Villapiano, 26 Ill. App. 3d
at 516.

Even if a defense of lack of notice were available to the
defendant, we would reject its application here.

Constructive notice need not be founded exclusively on

notice, constructive or actual, arising from the circumstances that created a legal liability for damages on the part of the tortfeasor.  Constructive notice of an employer's interest may also arise "from a presumption of awareness of the statute's protective provisions."  Villapiano, 26 Ill. App. 3d at 516, citing Woodward v. E.W. Conklin & Son, Inc., 171 App. Div. 736, 739, 157 N.Y.S. 948, 950 (1916) (third party takes release with full knowledge that without written approval of such release, it may not be asserted against the person whose approval is statutorily required); see also Braye v. Archer-Daniels-Midland Co., 175 Ill. 2d 201, 217, 676 N.E.2d 1295 (1997) (parties are presumed to contract with knowledge of existing law).  Based on the protections afforded the employer in the statutory provision of section 5(b), the Villapiano court noted that the defendants had, at a minimum, constructive notice of the employer's interest.

The Villapiano court found more, as we do here.  In Villapiano, the defendants, in their answer, admitted that they knew the vehicle operated by Villapiano was the property of Reefer.  It was that knowledge that put the defendants on inquiry as to the employer's interest: "If it appears a party having knowledge or information of facts sufficient to put a prudent man upon inquiry wholly neglects to make any inquiry, the inference

**13**

of actual notice is necessary and absolute." Villapiano, 26 Ill. App. 3d at 516. "The fact that Villapiano was driving the truck of his employer when the accident occurred should have alerted [the defendants and their agent] to the potential interest of Reefer." Villapiano, 26 Ill. App. 3d at 516.

In this case, the record contains a copy of the accident report, clearly identifying Caliber Auto Transport as the owner of the van Matthews was driving at the time of the accident. As such, the defendant had sufficient information to put him on inquiry as to Matthews' status as an employee. Villapiano, 26 Ill. App. 3d at 516. The court in Andrew followed this reasoning. "[W]hile we express no opinion as to whether notice of the employer's reimbursement interest is necessary under these circumstances, plaintiff did allege *** that [the defendant] struck a vehicle owned by [the employer]. Under the reasoning of Villapiano, this would be enough to establish constructive notice of the employer's interest." Andrew, 206 Ill. App. 3d at 521.

Finally, as to the defendant's claim of laches, we find no merit in the unsupported argument that the plaintiff's "long delay" in filing suit constituted laches. While there may be many reasons to explain the speedy settlement in this case in relation to when the instant suit was filed, there is no reason that a speedy settlement should inure to the benefit of the

**14**

tortfeasor in light of the clear and unambiguous language in section 5(b) of the Act affording protections to employers. As the Villapiano court noted: "To hold otherwise, would convert post-accident negotiations into an unseemly race, the only result of which, if not the goal, would be inequity." Villiapano, 26 Ill. App. 3d at 517.

## CONCLUSION

The trial court erred in granting the defendant's motion to dismiss. As provided by section 5(b), without the employer's consent or without an order of court protecting the employer, the release signed by Matthew is not valid against the employer. If the employer was required to provide notice of its interest to the tortfeasor, at a minimum, the defendant had such constructive notice prior to the execution of the release. We reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

Reversed and remanded.

McBRIDE, P.J., and R.GORDON, J., concur.

**15**