WENDY K. WEISENBURN, Plaintiff-Appellee, v. CHARLES E. SMITH, Defendant-Appellant.

Second District  No. 2—90—0438

Opinion filed May 24, 1991.

Keely Howe Truax, of Parrillo, Weiss & Moss, of Chicago, for appellant.

No brief filed for appellee.

JUSTICE DUNN delivered the opinion of the court:

This cause was arbitrated pursuant to Supreme Court Rule 86 requiring mandatory arbitration. (134 Ill. 2d R. 86.) Defendant, Charles E. Smith, appeals the judgment entered on the arbitration award in favor of the plaintiff, Wendy Weisenburn. Defendant claims the trial court erroneously entered judgment in favor of the plaintiff, despite the fact that defendant had rejected the award pursuant to Supreme Court Rule 93 (134 Ill. 2d R. 93). We agree.

Plaintiff brought suit to recover damages to her automobile resulting from a collision with the defendant's automobile. In her complaint, plaintiff alleged the accident was the result of the defendant's negligence. Defendant denied the accident was caused by his negligence. Because this cause was a civil action for money not exceeding $15,000, the matter was subject to mandatory arbitration pursuant to Supreme Court Rule 86. (134 Ill. 2d R. 86.) As such, the matter was set for hearing on February 14, 1990.

On December 8, 1989, plaintiff filed a notice to produce at trial requesting the defendant be available to testify as an adverse witness at both the arbitration hearing and trial pursuant to Supreme Court Rule 237. (134 Ill. 2d R. 237.) Defendant failed to appear in person at the arbitration hearing on February 14, 1990, but his counsel was present. The arbitration panel awarded the plaintiff damages in the amount of $5,452.23, plus costs. On February 28, 1990, defendant filed his notice of rejection of award and request for a trial in accordance with Supreme Court Rule 93. 134 Ill. 2d R. 93.

The plaintiff objected to this request stating defendant's failure to appear personally at the arbitration hearing pursuant to Supreme Court Rules 91 and 237 resulted in the waiver of defendant's right to

reject the award. Defendant filed a response to the plaintiff's objection stating he had complied with Rule 91 requiring his presence at the arbitration proceeding, either in person or through counsel, and that Rule 237 was irrelevant to the issue. The trial court entered judgment on the arbitration award stating the defendant's notice of rejection was deemed waived due to the defendant's failure to appear at the arbitration hearing.

On appeal, defendant contends he was not required to appear in person at the arbitration hearing and that he preserved his right to reject the arbitration award by having his counsel present at the hearing. We agree. Because the plaintiff, as appellee, failed to file a brief on appeal, we will decide this case in accordance with our supreme court's decision in *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128.

At issue in this case is the relationship between the supreme court rules governing mandatory arbitration and the Code of Civil Procedure, as well as other supreme court rules. Defendant asserts Rule 237 cannot be used to require a party be present at the arbitration hearing because Rule 91 provides that attendance by counsel is sufficient. The plaintiff disagrees.

■ The supreme court rules governing mandatory arbitration provide a framework for alternative dispute resolution in civil actions for money not exceeding $15,000, excluding interest or costs. (134 Ill. 2d R. 86.) Rule 91 pertains to the presence of the parties at the hearing. It provides:

> "The arbitration hearing shall proceed in the absence of any party who, after due notice, fails to be present. *** The failure of a party to be present, either in person or by counsel, at an arbitration hearing shall constitute a waiver of the right to reject the award and a consent to the entry by the court of a judgment on the award." 134 Ill. 2d R. 91.

■ Rule 93 allows any party who was present at the hearing, either in person or by counsel, to file a notice of rejection and a request for trial. (134 Ill. 2d R. 93.) Defendant asserts that because Rule 91 provides for attendance at the hearing either in person or by counsel, he abided by terms of the rule and therefore preserved his right to reject the award. However, the trial court concluded that, because the defendant failed to attend the hearing after being requested to do so pursuant to Supreme Court Rule 237, he waived his right to reject the award.

■ Rule 86 discusses the applicability of the Code of Civil Procedure and the rules of the supreme court to arbitration proceedings. It states in pertinent part:

"Notwithstanding that any action, upon filing, is initially placed in an arbitration track or is thereafter so designated for hearing, the provisions of the Code of Civil Procedure and the rules of the Supreme Court shall be applicable to its proceedings except insofar as these rules otherwise provide." 134 Ill. 2d R. 86(e).

The committee comments regarding Rule 86 specifically state that the committee added Rule 86(e) to dispel any belief that the arbitration procedure was *sui generis* and to avoid any misconception that the Code of Civil Procedure or the rules of the supreme court were not applicable to arbitration proceedings. Furthermore, Rule 90, governing the conduct of the hearings, specifically provides the provisions of Rule 237 shall be equally applicable to arbitration hearings as they are to trials.

Defendant argues that Rule 237, which allows the appearance of witnesses to be compelled at trial, does not apply to the parties of an arbitration proceeding because the rules pertaining to arbitration provide otherwise. Specifically, defendant claims that, because Rule 91 provides for a party to be present either in person or by counsel at the hearing, a notice to produce a party at the arbitration proceeding as an adverse witness pursuant to Supreme Court Rule 237 is inconsistent and, as such, has no effect. We disagree with this interpretation.

■ Defendant would have us read Rule 91 in isolation, ignoring the other rules pertaining to mandatory arbitration because he believes they are inconsistent. Clearly, the committee did not intend such a reading. The defendant is correct when he states that a party to the arbitration proceeding has the option of attending in person or by counsel. However, it is not inconsistent to require a party's presence at the hearing when so requested pursuant to Supreme Court Rule 237, which has been specifically incorporated into the arbitration procedure pursuant to Rule 90(g), nor is it inconsistent to impose sanctions for the failure to appear.

■ In construing statutes, our supreme court has held that the intent of the legislature in enacting a statute must be determined by examining the entire statute and by construing each material part of the legislation together. (*Castaneda v. Illinois Human Rights Comm'n* (1989), 132 Ill. 2d 304, 318; *People ex rel. Tuohy v. Barrington Consolidated High School District No. 224* (1947), 396 Ill. 129, 138; see

also *Beiermann v. Edwards* (1990), 193 Ill. App. 3d 968, 979.) A court should consider each part or section of a legislative act in connection with every other part or section, and not each part alone, in determining the purpose or intent of the legislature. *Castaneda,* 132 Ill. 2d at 318; *People v. Handzik* (1951), 410 Ill. 295, 302.

In addition, this court has held that parts of a comprehensive statutory scheme should be read *in pari materia* in order to ascertain the legislature's intent and to avoid injustice. Statutory provisions related to the same subject matter should be construed harmoniously where possible. *Rawles v. Hartman* (1988), 172 Ill. App. 3d 931, 935.

▇ Accordingly, in construing Rules 86, 90, 91, 93 and 237 harmoniously, we conclude a party may be required to attend an arbitration proceeding pursuant to Supreme Court Rule 237. Because the rules of the supreme court governing arbitration specifically provide for the application of Rule 237 to arbitration proceedings, and because Rule 237 provides for sanctions under Rule 219(c) for failure to comply with an order or a rule, sanctions may be imposed for the failure to appear. Rule 237 provides for sanctions under Rule 219(c), which includes barring a defense relating to that issue, barring witnesses from testifying concerning that issue, or entering judgment by default.

▇ However, such a failure to appear cannot be deemed a waiver of the defendant's right to reject the award. Such a conclusion would effectively read parts of Rules 91 and 93 out of the arbitration scheme. In this case, the defendant was served with a notice to appear at the arbitration proceeding and chose not to attend. However, his counsel was present as required by Rule 91. We cannot say the trial court's order deeming his failure to appear a waiver of his right to reject the arbitration award was proper. Defendant preserved his right to reject the award by having counsel present at the proceeding despite the plaintiff's request under Rule 237 that he appear at trial.

Accordingly, the judgment of the circuit court of Du Page County in favor of the plaintiff is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

REINHARD, P.J., and UNVERZAGT, J., concur.