DEBRA CAMPBELL, Plaintiff-Appellee, v. CAREY WASHINGTON, Defendant-Appellant (Rourdes Zebell *et al.*, Defendants).

Second District   No. 2—91—0295

Opinion filed December 31, 1991.

Alexandria Demos, of Moss & Hillison, of Chicago, and Mark Conrad, of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Waukegan, for appellant.

Peter Schlax, of Sullivan, Smith, Hauser & Noonan, Ltd., of Waukegan, for appellee.

JUSTICE UNVERZAGT delivered the opinion of the court:

Defendant, Carey Washington, appeals the judgment of the circuit court of Lake County. He contends that the circuit court erred, for a variety of reasons, when it failed to enforce his rejection of the arbitrators' award pursuant to Supreme Court Rule 93 (134 Ill. 2d R. 93). He also contends that the trial court thus deprived him of his right to

a jury trial. Plaintiff contends the judgment was the result of an appropriate sanction for defendant's failure to appear as required by a notice to produce pursuant to Supreme Court Rule 237 (134 Ill. 2d R. 237).

This litigation arose from a traffic accident. Janet Milton and defendant were traveling westbound on Highway 137 in Lake County in separate vehicles. Defendant was in the right-hand lane but allegedly cut in front of Milton in the left-hand lane in order to make a left turn. Milton allegedly applied her brakes and skidded on the wet pavement. She crossed the median and collided with the cars of Rourdes Zebell and plaintiff, who were sitting behind a row of other cars waiting for a stop light.

On June 8, 1990, plaintiff brought suit against Zebell, Milton and defendant. Zebell was dismissed with prejudice. Defendant filed his answer to the complaint of plaintiff on July 23, 1990. On October 4, 1990, before the court and in the presence of the other parties' counsel, Milton filed a counterclaim in the nature of a cross-claim in which she sought contribution from defendant. On October 4, 1990, plaintiff served a notice to produce pursuant to Rule 237 upon defendant and Milton. In it, plaintiff requested the production of these parties "upon the trial of this cause."

On October 10, 1990, the cause was scheduled for arbitration. On that date, the arbitration hearing was interrupted when plaintiff made an oral motion before the circuit court, in which she was joined by Milton, for sanctions under Supreme Court Rule 219 (134 Ill. 2d R. 219) on the ground that defendant failed to appear at the arbitration hearing. After extensive arguments, the circuit court entered an order in which it provided that "[d]efault judgment as to liability is entered against Defendant Carey Washington as to Plaintiff's complaint and Janet Milton's complaint for contribution, Defendant's answer to same being hereby stricken." The circuit court also granted plaintiff's motion to dismiss voluntarily without prejudice to refiling the count of her complaint against Milton.

Later that day, the panel of arbitrators entered an award of $3,353.92 in favor of plaintiff and against defendant. On October 12, 1990, the court provided notice of the award, of the right to file a rejection of it and of a hearing on November 13, 1990. On November 1, 1990, defendant filed the notice of his rejection of the award. On November 13, 1990, the court, without the presence of defense counsel, entered judgment based on the arbitrators' award notwithstanding defendant's rejection of it. The court noted in its order that defendant had "waived or forfeited his right to reject" the award because he

failed to comply with the Rule 237 notice to appear at the arbitration hearing. On November 29, 1990, the court "modified" its order to include the following finding: "The 10/10/90 arbitration hearing proceeded as in [*sic*] matter of default under Supreme Court Rule 91 [(134 Ill. 2d R. 91)] as a rule 219 sanction for Defendant Washington's failure to comply with Plaintiff's rule 237 request that he be present for trial and therefore defendant Washington has waived his right to reject the arbitration award." Defendant appeals.

██ █ Defendant notes that in this court's opinion of *Weisenburn v. Smith* (1991), 214 Ill. App. 3d 160, we ruled that waiver of a party's right to reject an arbitration award under Rule 93 is an inappropriate sanction for the party's failure to comply with a Rule 237 notice to produce where at least the counsel appears at the arbitration hearing. Because Rule 93 provides that the right to reject is preserved when either the party or his counsel appears and the rules must be read harmoniously, a trial court cannot use the forfeiture of the rejection as a sanction for the failure to comply with a notice to produce. (214 Ill. App. 3d at 164.) Moreover, Supreme Court Rule 92(c) (134 Ill. 2d R. 92(c)) permits the trial court to enter a judgment on the award only in the event that no party files a notice of the rejection of the award. See also Ill. Rev. Stat. 1989, ch. 110, par. 2—1005A.

Thus, we must reverse the trial court's judgment because the trial court was obliged to effectuate defendant's rejection of the award.

For the above reasons, the judgment of the trial court is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

DUNN and BOWMAN, JJ., concur.