ALLSTATE INSURANCE COMPANY, Plaintiff-Appellee, v. VICTOR PENA, Defendant-Appellant.

Second District No. 2—91—0299

Opinion filed April 29, 1992.

INGLIS, P.J., dissenting.

Paul W. Casbarian, of Law Offices of Paul W. Casbarian, Ltd., of Schaumburg, for appellant.

No brief filed for appellee.

JUSTICE GEIGER delivered the opinion of the court:

The defendant, Victor Pena, appeals from the trial court's order striking his notice of rejection of an arbitration panel award favoring the plaintiff, Allstate Insurance Company (the company). We reverse and remand.

After the company filed a complaint against the defendant, the matter was set for an arbitration hearing. The defendant was served with a notice to produce and appear, pursuant to Supreme Court Rule 237 (134 Ill. 2d R. 237). At the hearing, the defendant was represented by counsel, but did not appear personally. The arbitration panel found for the company and ordered the defendant to pay damages of $13,591.23.

Pursuant to Supreme Court Rule 93 (134 Ill. 2d R. 93) the defendant filed his notice of rejection of the arbitration award with the trial court.

The company moved to strike that notice of rejection. Following a hearing, the court found that because the defendant had not personally appeared at the arbitration hearing, he had waived his right to reject the arbitration award. It struck the notice of rejection and this appeal followed.

On appeal, the defendant relies on *Weisenburn v. Smith* (1991), 214 Ill. App. 3d 160. That case considered whether the defendant had waived his right to reject an arbitration award because he had not appeared personally at an arbitration proceeding. The defendant offers no extended argument, but asserts that this case is essentially identical to the *Weisenburn* case and that on its strength we should reverse the court's order that rejected the arbitration award and remand for trial. The company has filed no appellee brief, but we decide the case under the authority of *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 133.

The *Weisenburn* court thoroughly analyzed the interplay of Supreme Court Rules 86, 90, 91, 93, and 237. (134 Ill. 2d Rules 86, 90, 91, 93, 237.) It concluded that a party may be required to attend an arbitration proceeding pursuant to Supreme Court Rule 237 and that sanctions may be imposed for his failure to attend. (*Weisenburn*, 214 Ill. App. 3d at 164.) However, particularly considering the dictates of Rules 91 and 93, it found that because the defendant's counsel had appeared at the arbitration hearing, the defendant had preserved his right to reject the arbitration award. (214 Ill. App. 3d at 164.) It reversed the trial court's entry of judgment on the arbitration award and remanded for further proceedings.

The essential facts here are identical to those in *Weisenburn*. Although the defendant did not attend the arbitration proceedings, he was represented there by counsel. We conclude, as did the court in *Weisenburn*, that the defendant did not waive his right to reject the arbitration award.

Based on the foregoing, we reverse the judgment of the circuit court of Du Page County and remand the cause for further proceedings.

Reversed and remanded.

UNVERZAGT, J., concurs.

PRESIDING JUSTICE INGLIS, dissenting:
While I acknowledge the majority is following the recent precedent of *Weisenburn v. Smith* (1991), 214 Ill. App. 3d 160, I respectfully dissent.

The supreme court pursuant to its rule-making authority has adopted mandatory arbitration. (134 Ill. 2d R. 86.) This forward-

looking, progressive approach to dispute resolution is an important and significant step in reducing court backlog and delay. Illinois courts have a duty to encourage programs mandated by the supreme court.

Parties should not be allowed to simply ignore the supreme court rules. Defendant should have appeared after having been properly served with a notice to produce and appear pursuant to Supreme Court Rule 237 (134 Ill. 2d R. 237). To overlook this important rule in mandatory arbitration depreciates the importance of this form of alternate dispute resolution and weakens an otherwise legitimate and important program whose time has come. Rules adopted by the supreme court are rules of procedure and not suggestions. (*People v. Wilk* (1988), 124 Ill. 2d 93, 103.) Although *Wilk* involves a criminal matter, I believe that supreme court rules are not suggestions in court-mandated arbitration. Sanctions are properly applied for violation of Supreme Court Rule 237.

The rejection of an award pursuant to Supreme Court Rule 93 is an entirely separate question from a violation of Supreme Court Rule 237. Defendant may have preserved his right to reject the award under Supreme Court Rule 93(a) by the appearance of his attorney, but, in my opinion, it was a reasonable sanction on him to lose the right for violating Supreme Court Rule 237.

A party has the right to present the best case possible and to use Supreme Court Rule 237 if needed. That right should not be taken away by another party's efforts to frustrate mandatory arbitration. The appellate court should support trial judges who are endeavoring to properly control mandatory arbitration, a needed and important weapon in the court's arsenal against delay and backlog. The impact of the majority's position clearly undermines mandatory arbitration. I would affirm the trial court.