RAYVON LOLLIS, Plaintiff-Appellant, v. CHICAGO TRANSIT AUTHOR-ITY *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 1—91—4096

Opinion filed November 17, 1992.

Benjamin & Shapiro, Ltd., of Chicago (Fred I. Benjamin and Stephen C. Zollman, of counsel), for appellant.

William H. Farley, Jr., of Chicago Transit Authority, of Chicago (Timothy Fair, of counsel), for appellees.

JUSTICE SCARIANO delivered the opinion of the court:

Plaintiff Rayvon Lollis appeals from the trial court's entry of judgment on an arbitration award in favor of defendants, the Chicago Transit Authority (CTA) and its employee, Robert L. Ferguson, contending that in view of his rejection of the award, the judgment was unsupported by case law or statute and, presumably, supreme court rules.

Plaintiff filed an action against the CTA and Ferguson in November 1985, alleging that he suffered personal injuries when the bus which was driven by Ferguson, and on which plaintiff was a passenger, stopped suddenly. Plaintiff originally sought damages in excess of $15,000, but ultimately agreed to transfer the action to the mandatory arbitration calendar pursuant to Supreme Court Rule 86(d). (134 Ill. 2d R. 86(d).) The three-member arbitration panel handed down its award in favor of defendants on July 1, 1991.

On July 11, 1991, plaintiff, pursuant to Supreme Court Rule 93(a) (134 Ill. 2d R. 93(a)), filed his rejection of the award, paid the requisite $200, and mailed defendants notice of his rejection of the award.

The parties then prepared for trial. The trial court held a conference on August 1, 1991, and ordered a status report for October 16, 1991; the trial was set for a week later, October 23, 1991. At the status call on October 16, 1991, the court held another conference with

the parties, at which counsel for plaintiff informed the court and defendants' counsel that plaintiff was then in the custody of the Illinois Department of Corrections.

On October 23, 1991, the cause was called for trial and defendants answered "ready" but, because plaintiff remained incarcerated, his counsel answered "not ready" and requested a short continuance. The court denied the request, finding that plaintiff had not adequately preserved his right to reject the arbitration award for defendants, given plaintiff's inability to proceed to trial. It therefore entered judgment on the arbitrators' award in favor of defendants and ordered plaintiff's $200 arbitration refusal fee refunded.

On October 31, 1991, plaintiff filed a motion seeking to vacate the court's order of October 23, 1991; he also sought the court's approval of a voluntary dismissal of his action. The court denied the motion. Plaintiff thereupon filed an amended motion to vacate and voluntarily dismiss, but the court, on December 9, 1991, denied this motion as well. This appeal followed.

Plaintiff argues that the trial court erred when it determined that because he was not prepared to go to trial when his case was called, he had inadequately preserved his rejection of the arbitration award; consequently, the court's rendering judgment on the award amounted to an impermissible disposition of the action with prejudice.

Since the trial court was operating under the recently promulgated supreme court rules on mandatory arbitration, our inquiry must begin by examining those rules. Supreme Court Rule 92(c), which governs the entry of judgments on an arbitrator's award, states: "In the event none of the parties files a notice of rejection of the award and requests to proceed to trial within the time required herein [(30 days from the filing of the award)], any party thereafter may move the court to enter judgment on the award." (134 Ill. 2d R. 92(c).) After parsing this rule, it becomes apparent that the trial court erred twice in entering judgment on the arbitration award. Its first error was to do so *sua sponte*. Rule 92(c) places the obligation on the parties to bring the motion; it makes no provision for the court to enter judgment on its own motion. 134 Ill. 2d R. 92(c); see also Ill. Ann. Stat., ch. 110A, R. 92(c), Committee Comments, at 69 (Smith-Hurd Supp. 1992) ("Unless the parties stipulate to dismiss the cause after the hearing and award, it is incumbent on a party to move the court to enter judgment after the 30-day period allowed for rejection at Rule 93 herein").

Moreover, in view of plaintiff's rejection of the award, the court also erred when it entered judgment on the award. Rule 92(c)

permits entry of judgment on the arbitrators' award only if no party rejects it. (134 Ill. 2d R. 92(c); see also *Campbell v. Washington* (1991), 223 Ill. App. 3d 283, 285, 585 N.E.2d 187, 188 ("Supreme Court Rule 92(c) [citation] permits the trial court to enter judgment on the award *only* in the event that no party files a notice of the rejection of the award.") (Emphasis added).) Plaintiff not only filed the notice of rejection of the award on time, but he also employed the prescribed form.

■■ ■ The trial court implicitly held that a party who rejects arbitration must be prepared to go to trial when called to perfect his rejection of the arbitration award. However, because such an interpretation of the rule is inconsistent with the language thereof, it cannot be sustained. Supreme Court Rule 93(a) (134 Ill. 2d R. 93(a)) mandates the procedure with which the parties to an arbitration must comply in order to reject an arbitrator's award. It provides in pertinent part:

"(a) Rejection of Award and Request for Trial. Within 30 days after the filing of an [arbitration] award with the clerk of the court, and upon payment of the sum of $200 to the clerk of the court, any party who was present at the arbitration hearing, either in person or by counsel, may file with the clerk a written notice of rejection of the award and request to proceed to trial, together with a certificate of service on all other parties." 134 Ill. 2d R. 93(a).

Plaintiff complied with all of the procedural dictates of Rule 93(a): He filed his notice of rejection on July 11, 1991, which was only 10 days after the arbitrators filed their award, and 20 days prior to the 30-day deadline of the rule; he paid the $200 filing fee; and he served notice on the parties by mail. These are the only three requirements mentioned in the rule with which he needed to comply in order to register a rejection of the award. The trial court impermissibly imposed a fourth requirement: that plaintiff be ready to proceed to trial when called. It is readily apparent that the trial court misconstrued Supreme Court Rules 92 and 93 in this case.

However, "it is well settled that the judgment of the court below will be affirmed if it is justified in the law for any reason or ground appearing in the record regardless of whether the particular reasons given by the trial judge *** are correct or sound." (*Thornton v. Williams* (1980), 89 Ill. App. 3d 544, 549, 412 N.E.2d 157, 161; see also *Material Service Corp. v. Department of Revenue* (1983), 98 Ill. 2d 382, 387, 457 N.E.2d 9, 12.) In consonance with that well-established rule, defendants advance two arguments in support of the trial court's decision here. First, they suggest that the trial court acted within its

discretion by dismissing this action with prejudice given plaintiff's failure to "present a proper motion for a trial continuance." (Defendant's Brief, at 8, citing Cook County Circuit Court Rule 5.2.) Alternatively, they ask this court to construe "proceed to trial," as used in Supreme Court Rule 93(a) (134 Ill. 2d R. 93(a)), to ensure only an opportunity to go to trial.

We find defendants' first suggestion to be irredeemably without merit. Circuit Court Rule 5.2 deals only with continuances if an *attorney* is engaged in another trial or hearing; it also precludes continuances "upon the ground of substitution or addition of attorneys," and forbids renewal of motions for continuances before the trial judge if the motion has been previously denied by a "central assignment judge." (Circuit Court of Cook County R. 5.2.) There is nothing in this rule that has any relevance to the issue in this case.

Defendants' other proposal by which they suggest that we may sustain the trial court's ruling calls for our construing the phrase "proceed to trial," for the purposes of Supreme Court Rule 93, as ensuring only an opportunity to go to trial. If we adopt this proposed construction of the phrase, defendants argue, the lower court would not have erred, as it did afford plaintiff "an opportunity to go to trial," and any prejudice suffered by plaintiff would have resulted from his failure to seize the opportunity on October 23, 1991.

This argument, however, is off the mark as well. It is conceivable, when viewing Supreme Court Rule 93(a) in isolation, to read it as defendants suggest. However, Rule 93(a) is only part of a comprehensive package of rules promulgated by the court to create a system of mandatory arbitration in Illinois. To give full effect to the overall legislative scheme, we cannot read the arbitration rules in a vacuum; we must attempt to harmonize the rules as a unified body of law. See *Weisenburn v. Smith* (1991), 214 Ill. App. 3d 160, 573 N.E.2d 240, citing *Castaneda v. Illinois Human Rights Comm'n* (1989), 132 Ill. 2d 304, 547 N.E.2d 437.

When the arbitration rules are viewed as a whole, it quickly becomes clear that defendants' proposed construction of Rule 93(a) is untenable. Rule 86(e) states: "Notwithstanding that any action, upon filing, is initially placed in an arbitration track or is thereafter so designated for hearing, the provisions of the Code of Civil Procedure and the rules of the Supreme Court shall be applicable to its proceedings except insofar as these rules otherwise provide." (134 Ill. 2d R. 86(e).) In addition, the Committee's comment on the rule explains that subparagraph (e) was added to the rules to allay the fears of some that the arbitration procedure would be *sui generis*. (Ill. Ann. Stat., ch.

110A, R. 86(e), Committee Comments, at 60 (Smith-Hurd Supp. 1992).) The comments emphatically deny that the arbitration procedures would be separate and distinct from the rules of procedure normally followed in civil cases.

The rules on arbitration exhibit no intent to strip from a participant in arbitration the right to refile after an involuntary dismissal. Consequently, pursuant to Rule 86(e), section 13—217 of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 13—217) applies with equal force to actions that come before the court after arbitration awards have been rejected; and since section 13—217 (Ill. Rev. Stat. 1991, ch. 110, par. 13—217) applies to arbitration cases, this court cannot construe Rule 93(a) in the manner suggested by defendants.

Moreover, we find that the applicability of section 13—217 (Ill. Rev. Stat. 1991, ch. 110, par. 13—217) to this action unequivocally establishes that the trial court erred and that its judgment cannot be upheld under any rationale. The trial court, in effect, dismissed plaintiff's action for want of prosecution. The cases construing section 13—217 make it clear that a dismissal for want of prosecution in Illinois is not considered an adjudication on the merits; it does not prejudice the action of the party against whom it is entered; nor does it bar a subsequent suit. (*Franzese v. Trinko* (1977), 66 Ill. 2d 136, 140, 361 N.E.2d 585, 587.) This is true even where the party is not diligent in the prosecution of his claim. (*Wold v. Bull Valley Management Co.* (1983), 96 Ill. 2d 110, 449 N.E.2d 112; *Aranda v. Hobart Manufacturing Corp.* (1977), 66 Ill. 2d 616, 363 N.E.2d 796 (holding that a plaintiff whose action was dismissed for want of prosecution after being on the "no progress" calendar for two years was still entitled to refile under the predecessor of today's section 13—217); *Franzese v. Trinko* (1977), 66 Ill. 2d 136, 140, 361 N.E.2d 585, 587 (rejecting defendant's suggestion to engraft a "diligent suitor" requirement on what is now section 13—217 (Ill. Rev. Stat. 1991, ch. 110, par. 13—217)).) Section 13—217 evinces a State policy which values the notion that cases should be decided on their merits and that plaintiffs, both the diligent and the dilatory, have their day in court. The trial court's judgment ignores this policy and therefore cannot be sustained.

Reversed and remanded.

HARTMAN, P.J., and DiVITO, J., concur.