RANDOLPH RATKOVICH, Plaintiff-Appellee, v. DONALD A. HAMILTON *et al.*, Defendants-Appellees (The People *ex rel.* The Department of Transportation, Plaintiff and Intervenor-Appellant).

First District (2nd Division)   No. 1—93—0712

Opinion filed November 1, 1994.

Roland W. Burris, Attorney General, of Chicago (Rosalyn B. Kaplan, Solicitor General, and John P. Schmidt, Assistant Attorney General, of counsel), for appellant.

Sandman, Levy & Petrich, of Chicago (Robert R. Dlugajczyk, of counsel), for appellees.

PRESIDING JUSTICE DiVITO delivered the opinion of the court:

This case presents the question of whether a party who intervenes less than 60 days prior to an arbitration hearing is nonetheless entitled to receive the 60 days' notice of that hearing required by Supreme Court Rule 88 (134 Ill. 2d R. 88). For reasons that follow, we answer yes and reverse and remand for a new arbitration hearing.

Plaintiff Randolph Ratkovich filed an amended complaint against defendants Donald Hamilton, Zimmer Leasing, Inc., and Winchester Transportation Co., Inc., on March 14, 1986. Ratkovich sought to recover for personal injuries suffered in a March 16, 1984, motor vehicle collision with a truck driven by Hamilton. He alleged that Hamilton was acting as the agent and servant of the other two defendants at the time of the accident.

On June 13, 1991, the People of the State of Illinois, *ex rel.* the Illinois Department of Transportation (the Department), filed a petition for leave to intervene and a proposed complaint in intervention. In the complaint, the Department alleged that Ratkovich was an employee of the Department at the time of the May 16, 1984, accident. The Department paid Ratkovich $21,789 in settlement of workers' compensation claims arising out of this accident and a prior accident on August 30, 1992. Of this amount, approximately $1,600 was intended as compensation for the earlier accident. The Department asserted a statutory lien under section 5 of the Workers' Compensation Act (820 ILCS 305/5 (West 1992)) upon any amounts recovered by Ratkovich in the suit. In the event he abandoned the action, the Department sought recovery from the defendants pursuant to the same statutory provision. The Department filed a duplicate petition for leave to intervene and complaint in intervention on July 16, 1991, and after a hearing its petition was granted on August 9, 1991.

The circuit court had previously placed the matter on the mandatory arbitration call on June 14, 1991. On July 22, 1991, after the Department had first petitioned to intervene but before its petition was granted, the arbitration administrator issued a notice to Ratkovich and all defendants (the only parties of record at the time), setting the matter for an arbitration hearing on September 26, 1991. The notice contained the statement: "Failure to appear shall constitute a waiver of the right to reject the award pursuant to Supreme Court Rule 91." The Department, not yet officially a party to the action, did not receive the notice.

On August 26, 1991, Ratkovich served upon all defendants and the Department a notice of his intent to offer certain documents into evidence at the arbitration hearing, pursuant to Supreme Court Rule 90, which requires at least 30 days' notice of such intent. The notice did not mention the date of the hearing.

The arbitration hearing was held as scheduled on September 26, 1991, and no attorney or other representative of the Department was present. At the hearing, Ratkovich and the defendants agreed to settle the case for $8,500. The panel of arbitrators entered an award in favor of Ratkovich in that amount on that day.

The Department filed a motion to vacate the arbitrators' award on October 25, 1991. It asserted in the motion that the award should be vacated because the Department had not received notice of the arbitration hearing, and because the settlement between Ratkovich and the defendants was not valid without the written consent of the Department or a court order protecting the Department's interest, pursuant to the Workers' Compensation Act (820 ILCS 305/5(b) (West 1992)).

The circuit court denied the Department's motion and entered judgment on the arbitrators' award on June 22, 1992. In its order, the circuit court also directed Ratkovich to file within 14 days a motion to adjudicate the amount of the Department's lien. The order did not contain language prescribed by Supreme Court Rule 304(a) allowing immediate appeal. Ratkovich filed the motion on November 12, 1992. He argued in the motion that the Department was barred from asserting any lien interest because it had failed to appear at the arbitration hearing. The Department filed its response on January 12, 1993, asserting a lien of at least $15,904.84, and claiming the entire $8,500, less the statutory 25% for attorney fees (820 ILCS 305/5(b) (West 1992)), or a total of $6,375.

After hearing argument on the motion, the circuit court entered an order on February 2, 1993, in which it ruled that the Department had no interest in the proceeds of the $8,500 judgment that had been entered in favor of Ratkovich. On February 19, 1993, the Department filed a notice of appeal from the circuit court's orders of June 22, 1992, and February 2, 1993.

I

As a preliminary matter, Ratkovich asserts that the Department took no steps to challenge the circuit court's order of June 22, 1992, until February 19, 1993. Since Supreme Court Rule 303(a) (134 Ill. 2d R. 303(a)) requires that a notice of appeal must be filed within 30 days of the entry of a final judgment, Ratkovich argues that this court lacks jurisdiction to consider the propriety of the June 22, 1992, order.

The Department asserts that Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)) states that, if there are multiple parties or claims involved in an action, a final judgment as to fewer than all parties or claims is immediately appealable only if the circuit court makes an express finding that there is no just reason to delay enforcement or

appeal. Because the circuit court's order of June 22, 1992, did not contain the required language, the Department contends that the order was not appealable until all claims in the case had been resolved.

■ The Department's position is correct. According to our supreme court, a claim includes any right, liability, or matter raised in an action. (*Marsh v. Evangelical Covenant Church* (1990), 138 Ill. 2d 458, 464, 563 N.E.2d 459, 463.) If a judgment order leaves one or more claims pending, the order is not appealable until all claims have been resolved. *Marsh*, 138 Ill. 2d at 464, 563 N.E.2d at 463.

■ The required written finding under Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)) must state that either there is no just reason to delay enforcement of the order or there is no just reason to delay appeal. (*In re Application of the Du Page County Collector* (1992), 152 Ill. 2d 545, 550, 605 N.E.2d 567, 570.) The circuit court's order of June 22, 1992, did not contain any such language. Accordingly, that order was not appealable until all claims raised in the case had been resolved. See *Granville Beach Condominium Association v. Granville Beach Condominiums, Inc.* (1992), 227 Ill. App. 3d 715, 720, 592 N.E.2d 160, 162-63 (order approving settlement was appealable despite pendency of third-party complaint because the order contained a Rule 304(a) finding).

The circuit court's February 3, 1993, order resolved the Department's lien claim, which was the last claim pending in the case. Thus, the notice of appeal filed within 30 days of that order on February 19, 1993, conferred jurisdiction upon this court to review both the June 22, 1992, order and the February 3, 1993, order.

## II

The Department first asserts that the fact that it did not receive 60 days' notice of the September 26, 1991, arbitration hearing as required under Supreme Court Rule 88 (134 Ill. 2d R. 88) renders the court's orders of June 22, 1992, and February 3, 1993, erroneous and inconsistent with the mandatory arbitration provisions of the supreme court rules (134 Ill. 2d R. 86 *et seq.*). Ratkovich responds that since the absence of notice is wholly attributable to the Department's failure to place its interest as a party-intervenor of record until after the 60-day notice had been issued, the Department's argument is without merit. Had the Department presented its petition to intervene and complaint in intervention to the court on June 26, 1991, when it filed them, or at any time before July 22, 1991, it would have received the statutory notice when it was issued on July 22, 1991. Further, according to Ratkovich, because the Department acknowledges having received Ratkovich's written notice pursuant to Supreme Court Rule 90(c) (134 Ill. 2d R. 90(c)) more than 30 days prior to the date of arbitration, the Department should be held to

have been on inquiry notice of the pendency of an arbitration hearing.

■ Under Supreme Court Rule 91 (134 Ill. 2d R. 91), the failure of a party to attend a mandatory arbitration hearing ordinarily constitutes a waiver of that party's right to reject the award and represents a consent to the entry of judgment by the circuit court in accordance with the award. (134 Ill. 2d R. 91; *Balaban v. Gottfried* (1991), 220 Ill. App. 3d 535, 581 N.E.2d 205, *appeal denied* (1992), 143 Ill. 2d 635, 587 N.E.2d 1011.) Supreme Court Rule 91 begins by stating, however, that "[t]he arbitration hearing shall proceed in the absence of any party who, *after due notice*, fails to be present." (Emphasis added.) (134 Ill. 2d R. 91.) Supreme Court Rule 88 states that the procedure for setting the date for arbitration hearings shall be set forth by circuit rules "provided that not less than 60 days' notice in writing shall be given to the parties or their attorneys of record." (134 Ill. 2d R. 88.) It is undisputed that the Department did not receive such notice.

■ This court has stated that the supreme court rules concerning mandatory arbitration should not each be interpreted in isolation; instead, they should be considered in conjunction with the other mandatory arbitration rules. (*Lollis v. Chicago Transit Authority* (1992), 238 Ill. App. 3d 583, 587, 606 N.E.2d 479, 481; *Weisenburn v. Smith* (1991), 214 Ill. App. 3d 160, 163-64, 573 N.E.2d 240, 243.) A reviewing court should attempt to harmonize those rules as a unified body of law rather than interpret each in a vacuum. *Lollis*, 238 Ill. App. 3d at 587, 606 N.E.2d at 481.

In *Weisenburn*, the court considered the effect of several of the mandatory arbitration rules in determining whether a party could be denied the right to reject an arbitration award as a sanction when, although his counsel appeared at the hearing, he failed to appear, despite having received a notice pursuant to Supreme Court Rule 237 (134 Ill. 2d R. 237) to be available to testify. Rule 90(g) (134 Ill. 2d R. 90(g)) states that Rule 237 applies to arbitration proceedings.

This court held in *Weisenburn* that, because of the applicability of Rule 237 to arbitration proceedings, a party could be compelled to testify at an arbitration proceeding and sanctions could be imposed if the party failed to appear. (*Weisenburn*, 214 Ill. App. 3d at 164, 573 N.E.2d at 243.) If the party's attorney appeared at the hearing, however, the party could not be sanctioned by having his right to reject the arbitration award pursuant to Rules 91 and 93 taken away. This court concluded that allowing this sanction under such circumstances "would effectively read parts of Rules 91 and 93 out of the arbitration scheme." *Weisenburn*, 214 Ill. App. 3d at 164, 573 N.E.2d

at 243; see also *Allstate Insurance Co. v. Pena* (1992), 227 Ill. App. 3d 348, 349, 591 N.E.2d 526, 527.

■ In this case, the circuit court's entry of judgment on the arbitration award effectively reads parts of Supreme Court Rules 88 and 91 out of the mandatory arbitration scheme provided for in the supreme court rules. The first sentence of Rule 91 states that a mandatory arbitration hearing shall proceed in the absence of any party, but only if that party has received due notice. Under Rule 88, each party must receive written notice of the hearing date at least 60 days in advance. Reading these rules together, there is a clear intention that an arbitration hearing may not proceed in the absence of a party who has not received the required 60 days' notice. The arbitration hearing at which the $8,500 award was entered, then, should not have proceeded in the Department's absence.

If a party does not receive notice of a motion, and an order is entered granting the relief sought in the motion, the order is considered void. (*Vortanz v. Elmhurst Memorial Hospital* (1989), 179 Ill. App. 3d 584, 589-90, 534 N.E.2d 625, 629.) The same principle should apply to arbitration awards entered at a hearing in the absence of a party that does not receive the notice required by Rule 88. This is especially appropriate in light of the interest expressed in Rules 88 and 91 that the arbitration hearing may not proceed in the absence of a party who has not received 60 days' written notice of the hearing. The circuit court therefore erred in denying the Department's motion to vacate the arbitration award and by entering judgment on the award.

Ratkovich's argument that the Department was on inquiry notice of the pendency of an arbitration hearing because of his service upon the Department of a notice pursuant to Supreme Court Rule 90(c) of his intent to introduce certain documents into evidence at the arbitration hearing is unpersuasive. This notice, served 31 days prior to the hearing, did not mention a specific hearing date. Although the notice would have alerted the Department that the case was on a mandatory arbitration call, it did not specifically notify the Department that a hearing was to take place at any particular time.

Ratkovich's argument that the failure of the Department to receive notice resulted from the fact that it was not formally granted leave to intervene until August 9, 1991, 48 days prior to the hearing, and thus could not have received 60 days' notice, is also unpersuasive. If an injured employee to whom workers' compensation benefits have been paid files a lawsuit to recover for those injuries, the employer may intervene in the action at any time prior to the satisfaction of judgment in order to protect its interest. (820 ILCS 305/

5(b) (West 1992); *Insurance Co. of North America v. Andrew* (1990), 206 Ill. App. 3d 515, 519, 564 N.E.2d 939, 941.) The Department was therefore entitled to intervene in the action at the time that it did. Once it became a party, it was entitled under supreme court rules to 60 days' notice of the arbitration hearing. Even if the Department could have intervened earlier, or could have taken steps to find out if an arbitration hearing had been scheduled, it was still entitled under supreme court rules to 60 days' notice. It did not receive that notice, and the circuit court's refusal to vacate the arbitration award and its entry of judgment on the award were therefore error.

In *Weisenburn* and *Lollis*, the conduct of the parties seeking to reject arbitration awards was not above reproach. In *Weisenburn*, the defendant failed to appear personally at the arbitration hearing despite receiving a Rule 237 notice from the plaintiff to appear and testify as an adverse witness. (*Weisenburn*, 214 Ill. App. 3d at 161, 573 N.E.2d at 241.) In *Lollis*, the plaintiff was not ready to proceed to trial after filing a notice of rejection of the award. (*Lollis*, 238 Ill. App. 3d at 585, 606 N.E.2d at 480.) In both cases, the appellate court reversed the circuit court holdings that those parties could be sanctioned by having judgment entered on the arbitration awards over their objection, and held that supreme court rules permitted them to reject the awards despite any misconduct or lack of diligence. *Weisenburn*, 214 Ill. App. 3d at 164, 573 N.E.2d at 243; *Lollis*, 238 Ill. App. 3d at 588, 606 N.E.2d at 482.

■ Similarly, supreme court rules do not provide that judgment may be entered on an arbitration award because an objecting party who did not receive the required notice may have received notice if it had intervened earlier, or because that party may have been able to find out about the hearing had it exercised greater diligence. Under Rules 88 and 91, an arbitration hearing may not proceed in the absence of a party who did not receive the required 60 days' notice of the hearing. Despite any lack of diligence on the part of the Department or its attorneys, then, the arbitration award in this matter was void, and it should have been vacated by the circuit court upon the Department's motion. The circuit court's order of June 22, 1992, in which it denied the Department's motion to vacate the arbitrators' award, was therefore error which we hereby reverse. The cause is remanded for a new arbitration hearing at which the Department is properly represented.

### III

The Department also asserts that the circuit court's entry of judgment on the arbitration award was erroneous because the award was based upon a settlement agreement which the Department did

not approve. Because we reverse the underlying order by the circuit court, it is unnecessary for us to reach this issue.

Reversed and remanded.

HARTMAN and McCORMICK, JJ., concur.