DARYL SMITH, Plaintiff-Appellee, v. FREDERICK A. JOHNSON, Defendant (Lynda McCaster, Defendant-Appellant).

First District (6th Division)  No. 1—94—3701

Opinion filed February 23, 1996.

Parrillo, Weiss & O'Halloran, of Chicago (Ross Roloff, of counsel), for appellant.

Norton Wasserman and Michael C. Holy, both of Orner & Wasserman, Ltd., of Chicago, for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Defendant Lynda McCaster appeals from an order of the circuit court of Cook County quashing her rejection of an arbitration award

and entering judgment on the award against her. We affirm. The relevant facts are as follows.

Plaintiff, Daryl Smith, brought this action against defendants, Lynda McCaster and Frederick A. Johnson, to recover for injuries and damages sustained during a collision between plaintiff's and McCaster's vehicles near the intersection of 37th Street and Ashland Avenue on February 8, 1993. Plaintiff's complaint alleged that, on that date, the automobile driven by Johnson and owned by McCaster violently collided with the rear of plaintiff's automobile. Plaintiff alleged that Johnson was McCaster's agent. Plaintiff filed his complaint on July 20, 1993. On August 30, 1993, the matter was transferred to mandatory arbitration. The arbitration hearing was scheduled for March 18, 1994.

On March 16, 1994, Johnson's attorneys, who also represented McCaster, moved to excuse Johnson from the arbitration hearing. Plaintiff had served both defendants with a notice to appear at trial and/or at any mandatory arbitration proceedings pursuant to Rule 237(b) (134 Ill. 2d R. 237(b)). The motion to excuse Johnson explained that he was incarcerated in Wisconsin at the time and stated that McCaster had promised to attend the hearing. The trial court entered an order excusing Johnson.

The arbitration hearing took place two days later, on March 18, 1994. Defendants' attorneys were present, but neither defendant attended. The panel of arbitrators entered a unanimous finding in favor of plaintiff and against both Johnson and McCaster in the amount of $15,000. The arbitrators also concluded that McCaster willfully failed to appear pursuant to notice and recommended that McCaster not be allowed to reject the award.

On April 11, 1994, McCaster and Johnson together filed a notice rejecting the arbitration award and requesting a trial on the matter. The trial court granted a hearing on plaintiff's motion to quash the rejection of the award. After receiving briefs and hearing arguments, the trial court quashed McCaster's rejection and entered judgment in favor of plaintiff and against McCaster in the amount of $15,000.

McCaster now contends that the trial court erred in barring her from rejecting the arbitration award. She relies primarily on two cases, *Weisenburn v. Smith*, 214 Ill. App. 3d 160, 573 N.E.2d 240 (1991), and *Allstate Insurance Co. v. Pena*, 227 Ill. App. 3d 348, 591 N.E.2d 526 (1992), both of which held that a defendant who does not attend an arbitration hearing but is represented by an attorney is deemed present and thereby preserves his right to reject an arbitration award.

Plaintiff, however, points out that McCaster ignores amendments

made in 1993 to the supreme court rules governing mandatory arbitration. Specifically, plaintiff argues that pursuant to newly amended Rule 90(g), debarring a defendant from rejecting an arbitration award is an appropriate sanction for that party's failure to comply with a Rule 237(b) notice to appear. 145 Ill. 2d R. 90(g). Similarly, newly added subsection (b) of Rule 91 grants a trial court the authority to enter an order debarring a defendant from rejecting an award if it has been determined that such defendant has willfully failed to participate in the hearing in a meaningful manner. 145 Ill. 2d R. 91(b). Plaintiff argues, therefore, that the trial court's order quashing McCaster's rejection of the arbitration award was an appropriate exercise of discretion and should not be disturbed.

Supreme Court Rules 86 through 95 govern actions subject to mandatory arbitration, and, as plaintiff indicates, certain amendments to Rules 90, 91, and 93, which took effect June 1, 1993, affect the outcome of this case. 145 Ill. 2d Rs. 90, 91, 93.

■ Subsection (g) of Rule 90 was amended and now provides as follows:

> "(g) **Compelling Appearance of Witness at Hearing.** The provisions of Rule 237, herein, shall be equally applicable to arbitration hearings as they are to trials. The presence of a party may be waived by stipulation or excused by court order for good cause shown not less than seven days prior to the hearing. *Remedies upon a party's failure to comply with notice pursuant to Rule 237(b) may include an order debarring that party from rejecting the award.*" (Emphasis added.) 145 Ill. 2d R. 90(g).

In addition, an entire subsection was added to Rule 91, which now provides:

> "**Rule 91. Absence of Party at Hearing**
> \*\*\*
> (b) **Good-Faith Participation.** All parties to the arbitration hearing must participate in the hearing in good faith and in a meaningful manner. If a panel of arbitrators unanimously finds that a party has failed to participate in the hearing in good faith and in a meaningful manner, the panel's finding and factual basis therefor shall be stated on the award. Such award shall be *prima facie* evidence that the party failed to participate in the arbitration hearing in good faith and in a meaningful manner and a court, when presented with a petition for sanctions or remedy therefor, may order sanctions as provided in Rule 219(c), *including, but not limited to, an order debarring that party from rejecting the award*, and costs and attorney fees incurred for the arbitration hearing and in the prosecution of the petition for sanctions, against that party." (Emphasis added.) 145 Ill. 2d R. 91.

■ Consistent with the above changes, Rule 93, which sets forth the procedure for rejecting an arbitration award, was also amended. The following sentence was added to subsection (a) of Rule 93: "The filing of a notice of rejection shall not be effective as to any party who is debarred from rejecting an award." 145 Ill. 2d R. 93(a). The committee comments to Rule 93 explain:

> "The 1993 amendment to Rule 93 makes this rule consistent with other rules (for example, Rules 90(g) and 91(b)) that allow a court to enter an order debarring a party from rejecting the award. The filing of a rejection by a party who is or has been debarred from rejecting is ineffective even if the party was present at the arbitration hearing in person or by counsel." 145 Ill. 2d R. 93, Committee Comments.

These amendments and comments make clear that it is within a trial court's authority to sanction a party who abuses the arbitration process by debarring that party from rejecting an arbitration award. Furthermore, two recent cases interpreting the amendments and the precise issue before us have drawn such a conclusion. In *Martinez v. Gaimari*, 271 Ill. App. 3d 879, 649 N.E.2d 94 (1995), a panel of arbitrators awarded the plaintiff damages for injuries sustained in an automobile accident and found that the defendant had failed to participate meaningfully in the arbitration hearing. The trial court thereafter granted the plaintiff's motion to bar the defendant's rejection of the award and entered judgment in the plaintiff's favor. The defendant appealed, arguing that she could not be held to have waived her right to reject the award because, even though she did not appear at the arbitration hearing, her counsel was present. As McCaster does in this case, the defendant in *Martinez* relied on the holdings in *Weisenburn* and *Pena*. Nevertheless, this court recognized in *Martinez* that significant changes have been made to the rules governing arbitration since *Weisenburn* was decided. Specifically noting the amendments to Rules 91 and 93, this court held that "the trial court clearly had the authority to impose, as a sanction, an order barring defendant from rejecting the arbitration award." *Martinez*, 271 Ill. App. 3d at 883, 649 N.E.2d at 97.

Likewise, another case recently interpreting the amendments to the rules is *Williams v. Dorsey*, 273 Ill. App. 3d 893, 652 N.E.2d 1286 (1995). The defendants in *Williams* also sought to reject an arbitration award entered against them after they had failed to appear at the arbitration hearing. On the award, the arbitrators noted that the defendants had not personally attended the hearing despite being served with a Rule 237(b) notice to appear. The trial court thereafter granted a motion to bar the defendants from rejecting the award. On

appeal, the defendants contended that they were not properly served with a Rule 237(b) notice to appear, that they never received notice of the date of the arbitration hearing, and that they did not waive the right to reject the award because they were represented by counsel at the hearing. This court found that the defendants' service argument was baseless because the document in question was titled "Rule 237 Supplemental Notice to Produce at Trial and Mandatory Arbitration Hearing." Likewise, the defendants' argument that they did not have notice of the date of the arbitration hearing was without merit since their attorneys attended the hearing and obviously had knowledge of the date. Finally, as in *Martinez*, this court discussed the amendments to Rules 90, 91, and 93 that came into effect after *Weisenburn*. In *Williams*, the court set forth the following conclusions:

> "Based upon these recent changes in the rules governing mandatory arbitration, which were in effect at the time of the instant case, defendants are correct in claiming that they did not waive the right to reject the award by not appearing personally at the hearing, because their attorney was present. However, that fact does not preclude the trial court's entry of an order debarring them from rejecting the award as a sanction for failure to comply with Rule 237(b)." *Williams*, 273 Ill. App. 3d at 900, 652 N.E.2d at 1291.

Turning to the present case, we also find that the trial court did not abuse its discretion in barring McCaster from rejecting the arbitration award. As in *Williams*, this was as an appropriate remedy for McCaster's failure to comply with plaintiff's Rule 237(b) notice to appear. Unlike defendant Johnson, McCaster did not seek to be excused from the arbitration hearing. In fact, in the motion to excuse Johnson, presented by the attorneys who represented both defendants, it was argued that plaintiff would not be prejudiced by Johnson's absence because McCaster had promised that she would attend the arbitration hearing. Yet, at the hearing two days later, McCaster did not appear.

McCaster argues that she did not have notice of the hearing because problems with her mail service caused her not to receive a letter from her attorneys reminding her of the hearing. As the court did in *Williams*, we find this argument to be baseless since it is well settled that notice to an attorney is notice to his client, and knowledge of an attorney is imputed to the client. *Williams*, 273 Ill. App. 3d 893, 652 N.E.2d 1286.

The question before us is whether the trial court's order quashing McCaster's rejection was an appropriate sanction for her willful

failure to comply with plaintiff's Rule 237(b) notice to appear. Clearly, pursuant to the amendments and under *Martinez* and *Williams*, this is an appropriate remedy. Accordingly, we will not disturb the trial court's order.

The judgment of the circuit court of Cook County is affirmed.

Affirmed.

ZWICK, P.J., and EGAN, J., concur.