Second Division
 December 31, 1996











No. 1-94-4238

JEFFREY KOLAR and LINDA KOLAR, ) Appeal from the
 ) Circuit Court of
 Plaintiffs-Appellants, ) Cook County. 
 )
 v. )
 )
ARLINGTON TOYOTA, INC., ) Honorable 
 ) Robert J. Quinn,
 Defendant-Appellee. ) Judge Presiding.


 JUSTICE RAKOWSKI delivered the opinion of the court:

 Following an arbitration award pursuant to Supreme Court
Rules 86 through 95, the circuit court awarded attorney fees that
were neither requested at the arbitration hearing nor contained
in the award. For the reasons that follow, we reverse the trial
court's judgment of attorney fees.
 FACTS
 Dissatisfied after the purchase of a used car from defendant
Arlington Toyota, Inc., the plaintiffs Jeffrey and Linda Kolar
filed suit in the Cook County circuit court alleging breach of
contract and violations of the Consumer Fraud and Deceptive
Business Practices Act (815 ILCS 505/1 et seq. (West 1994)). The
cause was assigned to mandatory arbitration and was set for
hearing on November 18, 1993. Although the first amended
complaint contained a prayer for attorney fees, plaintiffs did
not request attorney fees at arbitration. Following a hearing,
an arbitration panel awarded plaintiffs $4,500 in damages. 
Neither party exercised its right to reject the award within the
30-day period provided by Supreme Court Rule 93(a) (145 Ill. 2d
R. 93(a)). On January 3, 1994, on plaintiffs' motion, pursuant
to Supreme Court Rule 92(c) (155 Ill. 2d R. 92(c)), the trial
court entered judgment on the award in the amount of $4,500 and
costs.
 On January 31, 1994, plaintiffs filed a verified petition
for costs, expenses, and attorney fees in the circuit court. 
Following a denial of defendant's motion to strike the fee
petition, the court awarded plaintiffs $17,707.20 in attorney
fees and $911.01 in court costs. On November 10, 1994, the trial
court granted plaintiffs' supplemental fee petition and awarded
an additional $8,323.20 in attorney fees and $23.62 in expenses. 
Defendant contends the trial court erred in awarding plaintiffs
attorney fees totaling $26,030.40. Defendant does not contest
the $934.63 in costs and expenses.
 ANALYSIS
 The arbitration process is an alternative to costly and
lengthy litigation and provides a means of obtaining an expedited
hearing and decision in appropriate cases. J. Lerner, Mandatory
Arbitration: Welcome to Illinois, 76 Ill. B.J. 418 (1988). In
1986, the Illinois General Assembly passed enabling legislation
for a mandatory arbitration system in the Illinois circuit
courts. See 735 ILCS 5/2-1001A et seq. (West 1994). The
Illinois Supreme Court implemented the system with Supreme Court
Rules 86 through 95 (originally set forth at 134 Ill. 2d Rs. 86-
95). Supreme Court Rule 86(c) provides that each individual
circuit court may adopt rules governing the conduct of
arbitration proceedings. 155 Ill. 2d R. 86(c). The rules
governing the Cook County circuit court are embodied in part 18
of its rules entitled "Mandatory Arbitration of Certain Civil
Cases." Cook Co. Cir. Ct. R. 18.1 et seq. (eff. October 5,
1995).
 Supreme Court Rule 86(b) provides "[a] civil action shall be
subject to mandatory arbitration if each claim therein is
exclusively for money in an amount or of a value not in excess of
the monetary limit authorized by the Supreme Court for that
circuit or county within that circuit, exclusive of interest and
costs." 155 Ill. 2d R. 86(b). As originally enacted, this rule
provided that the claim could not have a value exceeding $15,000. 
134 Ill. 2d R. 86(b). Today, however, via the Cook County
Circuit Court Rules, the monetary limit on damages is set at
$30,000, exclusive of interest and costs. Cook Co. Cir. Co. R.
18.3(b) (eff. October 2, 1995).
 Supreme Court Rule 89 provides for prehearing discovery in
accordance with Supreme Court Rule 222 (Off. Rep. Adv. Sheet No.
20 (Sept. 27, 1995), R. 222, eff. Jan. 1, 1996). Off. Rep. Adv.
Sheet No. 9 (April 24, 1996), R. 89, eff. immediately. Supreme
Court Rule 90(a) further provides that the arbitrators shall have
the power to determine the admissibility of evidence and to
decide the law and the facts of the case. 145 Ill. 2d R. 90(a). 
Finally, Supreme Court Rule 92 provides that the award made by
the arbitration panel shall dispose of all claims for relief and
that if none of the parties files a notice of rejection, any
party may move the court to enter judgment on the award. 155
Ill. 2d R. 92(b), (c).
 "[T]he Supreme Court Rules concerning mandatory arbitration
should not each be interpreted in isolation; instead, they should
be considered in conjunction with the other mandatory arbitration
rules." Ratkovich v. Hamilton, 267 Ill. App. 3d 908, 913 (1994). 
The rules should also be read in light of other applicable
supreme court rules, the aforementioned circuit court rules (Cook
Co. Cir. Ct. R. 18.1 et seq. (eff. October 5, 1995)), and
enabling legislation (735 ILCS 5/2-1001A et seq. (West 1994)).
 After reviewing the Illinois mandatory arbitration scheme in
its entirety, we conclude that the system is not to be used as a
supplement to trial. Nor is the mandatory arbitration system to
be used to decide certain issues piecemeal, while allowing the
parties to go to trial on other issues. Rather, the system is an
alternative to trial where all issues raised by the parties are
decided by the arbitration panel. We note, however, that the
committee comments to Supreme Court Rule 86(d) provide:
 "A claimant who believes he has a
 reasonable basis for having the matter
 removed from an arbitration track may move
 the court for such relief prior to hearing. 
 Where there are multiple claims in the
 action, the court may exercise its discretion
 to determine whether all meet the
 requirements of eligibility for arbitration
 and if not whether a severance could be made
 of any or several without prejudice to the
 parties." 155 Ill. 2d R. 86(d), Committee
 Comments.
 Once the arbitration panel makes a decision concerning the
issues raised, the award is deemed an all or nothing proposition,
that must either be accepted or rejected in its entirety. We
hesitate to say this rule is without any exceptions. However, we
can safely say the rule does apply to the instant case where
attorney fees are authorized by statute, prayed for in the
complaint, but not requested during the arbitration hearing. 
That the award is an all or nothing proposition is further
supported by Supreme Court Rule 92(d), that allows the circuit
court to correct an arbitration award only for an obvious and
unambiguous error in mathematics or language. 155 Ill. 2d R.
92(d). According to Judge Jerome Lerner, who assisted in
drafting the mandatory arbitration rules, the main goal of the
arbitration process is to reach a final resolution of the dispute
in question. J. Lerner, Mandatory Arbitration: Welcome to
Illinois, 76 Ill. B.J. at 422. As such:
 "Where the award discloses an obvious
 and unambiguous error in mathematics or
 language, a court, upon application by a
 party, may make a correction. This is the
 sole remedy for a claimed error in the
 arbitration proceeding. Errors in judgment
 or mistakes of law or fact will not serve as
 a basis to set aside or vacate an award. 
 Rejection of the award is the sole intended
 remedy from an award." J. Lerner, Mandatory
 Arbitration: Welcome to Illinois, 76 Ill.
 B.J. at 426.
See also Cruz v. Northwestern Chrysler Plymouth Sales, Inc., No.
1-95-2636, slip op. at 5-7 (December 10, 1996).
 We repeat, Supreme Court Rule 90(a) expressly grants to the
arbitration panel the power to decide the law and the facts of
the case. 145 Ill. 2d R. 90(a). Supreme Court Rule 92(b) states
that the award shall dispose of all claims for relief. 155 Ill.
2d R. 92(b). Accordingly, we reject, without further comment,
plaintiffs' several arguments that the arbitration panel was
without power to award attorney fees. Plaintiffs also argue that
because the arbitrator's authority could not exceed $15,000,
their statutory right to attorney fees would be greatly
diminished. However, in the event plaintiffs were unsatisfied
with the award, they could have rejected the entire award and
proceeded to trial. More importantly, the committee comments to
Supreme Court Rule 86(d) specifically provide that plaintiffs
could have sought removal from the arbitration track or severance
of the issues prior to hearing. 155 Ill. 2d R. 86(d), Committee
Comments.
 Finally, even if we were to accept any of plaintiffs'
arguments, the result would not change because of the
fundamentally unfair nature of this particular case. Plaintiffs
proceeded to arbitration with full knowledge of their possible
entitlement to statutory attorney fees. Fees were prayed for in
their amended complaint. Yet, at arbitration, plaintiffs did not
raise the issue. Once the award was entered, defendant had 30
days to reject the award. Whether to reject an award is
oftentimes a purely economic decision that involves weighing the
amount of the award against the costs of future litigation. With
that in mind, defendant chose to end the dispute and forwent
rejecting the $4,500 award. Then, after defendant's right to
reject the award had expired, defendant was faced with a judgment
totalling $31,465.03.
 CONCLUSION
 For the above-stated reasons, we vacate that portion of the
circuit court's judgment awarding plaintiffs $26,030.40 in
attorney fees. We affirm that portion of the judgment awarding
$934.63 in costs.
 Affirmed in part and reversed in part.
 DiVITO, P.J., and McNULTY, J., concur.